**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Case No. | 23-20837 (JJT) |
| | ) | | |
| EDWARD L. ARTEAGA, | ) | Chapter | 13 |
| | ) | | |
| Debtor. | ) | Re: ECF Nos. | 22, 29, 30, 33 |
| | ) | | |

**MEMORANDUM AND RULING ON**
**DEBTOR'S MOTION TO DETERMINE CLAIM STATUS**

Before the Court is a motion filed by Edward L. Arteaga ("Debtor") seeking an order determining the secured status of liens pursuant to 11 U.S.C. § 506 ("Motion") relating to real property located at 111 School Street, New London, Connecticut ("Property"). (ECF No. 22). A junior secured creditor, Eastern SAT Trust ("SAT"), objected to the Motion on the basis that the Property was worth more than the Debtor represented. The Court assumes the parties' familiarity with the factual and legal allegations made within the Motion but will address pertinent material facts as necessary. For the reasons that follow, the Court finds that the value of the Property is $220,000 as of October 20, 2023, for the purpose of the confirmation of the Debtor's Chapter 13 plan.

**I. JURISDICTION**

The United States District Court for the District of Connecticut (the "District Court") has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a), (b)(1) and the General Order of Reference of the District Court dated September 21, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

**II. DISCUSSION**

In a Chapter 13 case, the Debtor is empowered to propose a plan that "modif[ies] the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. ("Bankruptcy Code") § 1322(b)(2). In the context of real property that is the debtor's principal residence, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." Bankruptcy Code § 506(a)(1). "Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." Bankruptcy Code § 506(a)(1).

The Court held an evidentiary hearing on the Motion on July 2nd, 2024. The parties stipulated at the hearing that the purpose of the Motion and valuation dispute is to determine whether, under the United States Supreme Court's ruling in *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329–32 (1993), the entirety of SAT's mortgage is to be treated as secured or unsecured under the Debtor's Chapter 13 plan.[1] The Debtor also stated that the proposed use of the Property under his Chapter 13 plan was for him to continue to live therein.

At that hearing, the Debtor provided evidence and expert testimony that the Property was worth $220,000 as of October 20, 2023. (ECF No. 65, Ex. 1). SAT provided evidence and expert testimony that the Property was worth $250,000 as of October 20, 2023. (ECF No. 64, Ex. 1). Each expert report relied on a comparative sale analysis of value, differing on the selected

---

[1] Pursuant to the limitations of Section 1322(b), a Chapter 13 debtor cannot "reduce the outstanding mortgage principal to the fair market value of the [mortgaged residence]." *Nobelman*, 508 U.S. 324, at 331. As a result, for the purposes of a Chapter 13 plan, a junior lien is treated as a fully secured claim if, after prioritization, any amount of that lien falls within the fair market value of the property. Conversely, a junior lien is treated as an unsecured claim if, after prioritization, the value of the more-senior liens cover the entire value of the property.

properties for comparison and appropriate adjustments to valuation.[2] "It has long been recognized that valuation of assets is "not an exact science" and the courts have wide latitude in determining value." *In re Karakas*, No. 06–32961, 2007 WL 1307906 at *6 (Bankr. N.D.N.Y. May 3, 2007). . In determining the fair market value of real property, "the Court may form its own opinion after giving the appraisals and the appraisers' testimony consideration." *In re Pod*, 560 B.R. 77, 80 (Bankr. E.D.N.Y. 2016). The Court therefore considered the opinions of the experts in light of the continued use of the property as the Debtor's principal residence, as well as the purpose of determining the status of SAT's claim under the plan.

After weighing the testimony of both expert witnesses and examining their respective reports, the Court endorses the valuation provided by the Debtor's expert witness. The Court finds that the Debtor's witness was more detailed and credible in his assessment of comparable properties and the many challenges posted by the poor physical condition of the Property. The Debtor's highly qualified expert provided articulable reasons why the Property should be valued significantly lower than other comparable properties of similar size in the area. He noted significant issues with the foundations, windows, ceilings, siding, doors, cabinets, countertop, bathrooms, and the overall less-than-fair condition of the Property, as well as challenges with other installations on the Property, including a gazebo and non-functional above-ground pool. SAT's witness, on the other hand, seemingly relied primarily on a comparative of other homes sold in the area without discerningly accounting for the particular and significant characteristics of this Property that manifestly extend beyond issues of mere deferred maintenance. Common

---

[2] The comparative sale approach is a well-recognized valuation standard in the Second Circuit for determining the fair market value of a property. *See, e.g., U.S. v. Certain Prop. Located in Borough of Manhattan, City, Cnty. & State of New York*, 403 F.2d 800, 802 (2d Cir. 1968).

experience and understanding about the cost range of remedial measures to address the Property's deficiencies militate in favor of the lower valuation advanced by the Debtor.

### III. CONCLUSION

Based upon the expert testimony and evidence adduced at the hearing on July 2nd, 2024, as well as the pleadings of the parties, the Court finds that the fair market value of the Property is $220,000 and each encumbrance on the Property shall have the respective status detailed below in connection with the confirmation of a Chapter 13 plan herein:

Pursuant to Bankruptcy Code §§ 506(a) and 1322(b)(2), the extent to which the Debtor may, in his Chapter 13 Plan, treat each of the encumbrances against the property summarized in the Motion, as "secured" or "unsecured" claims for the purposes of Bankruptcy Code § 1325(a)(5), is as follows:

A. First Encumbrance:
    i. Name of encumbrance holder: NEWREZ LLC D/B/A Shellpoint Mortgage Servicing
    ii. Type of encumbrance: Mortgage
    iii. Recording Information:
        a. Volume: 2547
        b. Page: 166
        c. City/Town: New London Land Records
    iv. Amount of encumbrance: $245,387.23
in principal, interests and costs as of the date of the Petition, is to be treated as SECURED

B. Second Encumbrance:
    i. Name of encumbrance holder: Lawrence & Memorial Hospital
    ii. Type of encumbrance: Judgment Lien
    iii. Recording Information:
        a. Volume: 1621
        b. Page: 246
        c. City/Town: New London Land Records
    iv. Amount of encumbrance: $952.00
in principal, interests and costs as of the date of the Petition, is to be treated as UNSECURED

C. Third Encumbrance:
    i. Name of encumbrance holder:    Eastern SAT Trust
    ii. Type of encumbrance:    Mortgage
    iii. Recording Information:
        a. Volume:    2479
        b. Page:    218
        c. City/Town:    New London Land Records
    iv. Amount of encumbrance:    $79,158.83
    in principal, interests and costs as of the date of the Petition, is to be treated as UNSECURED

D. Fourth Encumbrance:
    i. Name of encumbrance holder:    CitiFinancial Services, Inc.
    ii. Type of encumbrance:    Judgment Lien
    iii. Recording Information:
        a. Volume:    1826
        b. Page:    248
        c. City/Town:    New London Land Records
    iv. Amount of encumbrance:    $10,609.50
    in principal, interests and costs as of the date of the Petition, is to be treated as UNSECURED

**IT IS SO ORDERED** at Hartford, Connecticut this 15th day of July, 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut